Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
FLOR ESTRADA CABRERA, individually and on behalf of all others similarly situated,

                            Plaintiff,

     -against-

S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH, RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as individuals,

                            Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **FLOR ESTRADA CABRERA, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **FLOR ESTRADA CABRERA, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH, RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **S.R.Y. FOOD**

1

**CORP. and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET**, located at 171-11 Linden Boulevard, Jamaica, NY 11434.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

8. Plaintiff FLOR ESTRADA CABRERA residing in Elmhurst, NY 11373, was employed by Defendants at S.R.Y. FOOD CORP. and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, from in or around September 2017 until in or around August 2023.

### *The Defendants*

### S.R.Y. Food Corp d/b/a Key Food Fresh Supermarket

9. Upon information and belief, Defendant S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, is a New York domestic business corporation organized under the laws of New York with a principal executive office at 171-11 Linden Boulevard, Jamaica, NY 11434.

2

10. Upon information and belief, Defendant S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, is a New York domestic business corporation authorized to do business under the laws of New York.

11. Upon information and belief, KEY FOOD FRESH SUPERMARKET located at 171-11 Linden Boulevard, Jamaica, NY 11434, operated under the corporate name S.R.Y. FOOD CORP. from in or around 2011 until in or around December 2020.

### JRI Food Corp. d/b/a Key Food Fresh Supermarket

12. Upon information and belief, Defendant JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, is a New York domestic business corporation organized under the laws of New York with a principal executive office at 171-11 Linden Boulevard, Jamaica, NY 11434.

13. Upon information and belief, Defendant JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, is a New York domestic business corporation authorized to do business under the laws of New York.

14. Upon information and belief, KEY FOOD FRESH SUPERMARKET located at 171-11 Linden Boulevard, Jamaica, NY 11434, operated under the corporate name JRI Food Corp., from in or around January 2021 until present.

### Shihadeh Musleh and Raid Ahmad

15. Upon information and belief, Defendants SHIHADEH MUSLEH and RAID AHMAD own and operate S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET from in or around 2011 until in or around December 2020.

16. Upon information and belief, Defendants SHIHADEH MUSLEH and RAID AHMAD, are agents of S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET.

17. Upon information and belief, Defendants SHIHADEH MUSLEH and RAID AHMAD, are responsible for overseeing the daily operations of S.R.Y. FOOD CORP. KEY FOOD FRESH SUPERMARKET, during the relevant statutory period.

18. Upon information and belief, Defendants SHIHADEH MUSLEH and RAID AHMAD have power and authority over all the final personnel decisions at S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, during the relevant statutory period.

19. Upon information and belief, Defendants SHIHADEH MUSLEH and RAID AHMAD have power and authority over all final payroll decisions of S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, including the Plaintiff, during the relevant statutory period.

20. Upon information and belief, Defendants SHIHADEH MUSLEH and RAID AHMAD have the exclusive power to hire and fire employees at S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff, during the relevant statutory period.

21. During all relevant times herein, Defendants RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ were Plaintiff's employers within the meaning of the FLSA and NYLL.

22. On information and belief, S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## **Jose Diaz and Evelyn Diaz**

23. Upon information and belief, Defendants JOSE DIAZ and EVELYN DIAZ own and operate JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET from in or around January 2021 until present.

24. Upon information and belief, Defendants JOSE DIAZ, and EVELYN DIAZ are agents of JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET.

25. Upon information and belief, Defendants JOSE DIAZ, and EVELYN DIAZ are responsible for overseeing the daily operations of JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET.

26. Upon information and belief, Defendants JOSE DIAZ, and EVELYN DIAZ have power and authority over all the final personnel decisions at JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET.

27. Upon information and belief, Defendants JOSE DIAZ, and EVELYN DIAZ have power and authority over all final payroll decisions of JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, including the Plaintiff.

28. Upon information and belief, Defendants JOSE DIAZ, and EVELYN DIAZ have the exclusive power to hire and fire employees at JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

29. During all relevant times herein, Defendants JOSE DIAZ, and EVELYN DIAZ were Plaintiff's employers within the meaning of the FLSA and NYLL.

30. On information and belief, JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

31. Plaintiff FLOR ESTRADA CABRERA was employed by Defendants at S.R.Y. FOOD CORP. and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, from in or around September 2017 until in or around August 2023.

32. During Plaintiff FLOR ESTRADA CABRERA's employment by the Defendants at S.R.Y. FOOD CORP. and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, Plaintiff's primary duties were as a helper and cleaner, while performing other miscellaneous duties, from in or around September 2017 until in or around August 2023.

33. Plaintiff FLOR ESTRADA CABRERA regularly worked six (6) days per week from in or around September 2017 until in or around August 2023.

34. Plaintiff FLOR ESTRADA CABRERA regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 4:00 p.m., or later, six (6) days per week from in or around September 2017 until in or around December 2018 and at approximately 7:30 a.m. each workday and regularly ending at approximately 3:30 p.m., or later, six (6) days per week from in or around January 2019 until in or around August 2023.

35. Thus, Plaintiff FLOR ESTRADA CABRERA was regularly required to work approximately forty-eight (48) hours per week from in or around September 2017 until in or around August 2023.

36. Plaintiff FLOR ESTRADA CABRERA was paid by Defendants:
    i. a weekly rate of approximately $600.00 per week for all hours worked from in or around September 2017 until in or around December 2020;
    ii. a weekly rate of approximately $640.00 per week for all hours worked from in or around January 2021 until in or around December 2021; and
    iii. an hourly rate of approximately $15.00 per hour for all hours worked from in or around January 2022 until in or around August 2023.

37. Although Plaintiff FLOR ESTRADA CABRERA worked approximately forty-eight (48) hours or more hours per week from in or around September 2017 until in or around August 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

39. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

40. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

41. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's

inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

42. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

44. Collective Class: All persons who are or have been employed by the Defendants as helpers, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

45. Upon information and belief, Defendants employed approximately 10 to 20 or more employees within the relevant time period who were subjected to similar payment structures.

46. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

47. Defendants' unlawful conduct has been widespread, repeated, and consistent.

48. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiff are typical of the claims of the putative class.

53. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

57. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).
68. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
70. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
71. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiff prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 27, 2023
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FLOR ESTRADA CABRERA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH, RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Service via Secretary of State and Personal Service:*
**S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET (DOS ID# 4067787)**
171-11 Linden Boulevard, Jamaica, NY 11434

**JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET (DOS ID# 5339039)**
171-11 Linden Boulevard, Jamaica, NY 11434

**SHIHADEH MUSLEH**
181 Coverly Ave., Staten Island, NY 10301

**RAID AHMAD**
1214 67th St Apt, Brooklyn, NY 11219

**JOSE DIAZ**
171-11 Linden Boulevard, Jamaica, NY 11434

**EVELYN DIAZ**
171-11 Linden Boulevard, Jamaica, NY 11434