Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") sets forth the mutual understanding between **FLOR ESTRADA CABRERA** (hereinafter referred to as "Plaintiff") and **S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET and JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH, RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as individuals** (hereinafter collectively referred to as the "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against the Defendants.

**WHEREAS**, Plaintiffs have commenced an action against the Defendants in the Southern District of New York, United States District Court (the "Court"), bearing Docket No.: **23-cv-7174** alleging wage and hour violations under the Fair Labor Standards Act and New York Labor Law (the "Action"); and

**WHEREAS,** the Defendants deny that they failed to pay Plaintiffs all wages owed to them or otherwise violated the Fair Labor Standards Act or New York Labor Law; and

**WHEREAS**, the Defendants do not admit any violation of any federal, state or local law, ordinance, rule or regulation, or any duty whatsoever, whether based in statute, contract, common law or otherwise, and the Defendants expressly deny any such liability or violation or any liability to Plaintiffs; and

**WHEREAS,** Plaintiffs and the Defendants participated in a mediation in this matter on May 1, 2024; and

**WHEREAS,** Plaintiffs and the Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.      **Incorporation of Recitals**

Each of the foregoing recitals is incorporated herein by reference as if fully set forth below.

2.      **Payment**

In lieu of incurring further litigation costs associated with defending the Action commenced against them by Plaintiffs, and in consideration for Plaintiffs' execution of this Agreement, which includes a release, the Defendants agree to the following payment terms:

A.      Subject to Paragraph 2(c) below, Defendants shall cause Plaintiffs to be paid the gross sum of Thirty Thousand Dollars ($30,000.00) inclusive of attorneys' fees and costs

Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

("Settlement Funds"), with a total of Ten Thousand Dollars paid by S.R.Y. Defendants and a total of Twenty Thousand Dollars paid by JRI Defendants, payable as follows:

    i. **1ˢᵗ Installment: Within thirty (30) days following approval of this Agreement by the Court,**

    a.  Defendants S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

        1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

        2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Forty-Seven Cents ($449.47) representing attorneys' fees and expenses.

    b.  Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

        1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

        2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

    ii. **2ⁿᵈ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(i)**

    a.  Defendants S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

        1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be

Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Forty-Seven Cents ($449.47) representing attorneys' fees and expenses.

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

iii. **3rd Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(ii)**

a. Defendants S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Forty-Seven Cents ($449.47) representing attorneys' fees and expenses.

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs

Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

iv. **4th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iii)**

a.    Defendants S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Forty-Seven Cents ($449.47) representing attorneys' fees and expenses.

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

v. **5th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iv)**

a.    Defendants S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter

referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

### vi. **6th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(v)**

a. Defendants S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Forty-Seven Cents ($449.47) representing attorneys' fees and expenses.

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants")

Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

### vii. 7th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vi)

a. Defendants S.R.Y. FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Forty-Seven Cents ($449.47) representing attorneys' fees and expenses.

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

viii. **8th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vii)**

a.   Defendants   S.R.Y.   FOOD   CORP.   d/b/a   KEY   FOOD   FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Forty-Seven Cents ($449.47) representing attorneys' fees and expenses.

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

B. All Settlement Funds will be provided to Plaintiffs' counsel in the Action, Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

C. At the time of execution of this Agreement, Plaintiffs' counsel shall provide the Defendants' counsel with completed IRS Form W-9s for each Plaintiff and Plaintiffs' counsel, and the parties acknowledge and agree that each individual payment listed in Exhibit A shall not be made unless and until Plaintiffs' counsel has provided the Defendants' counsel with a completed IRS Form W-9 for that Plaintiff's individual payment listed in Exhibit A, and said party has executed this Agreement. In the event that one or more Plaintiffs or Plaintiffs' counsel do not provide their completed IRS Form W-9(s) at the time of execution, it shall not delay the other payments due in accordance with this Agreement. However, for any Plaintiff who fails to timely provide a completed IRS Form W-9, payments due hereunder to such Plaintiff(s) shall

not commence until such forms are tendered, following which payments will be made equivalent to the schedule set forth in Paragraph 2(A).

D. It is understood and agreed that the Defendants and the Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment, obligations and consequences of any payments tendered pursuant to this Agreement. Plaintiffs and Plaintiffs' counsel acknowledge they have received no representations from the Defendants' counsel regarding taxation or tax advice, and they agree, as to any payments they individually receive, to indemnify and hold harmless Defendants from any and all tax related liabilities, fines or penalties arising from the payments set forth herein and/or to the extent of withholdings of same. All taxes are the sole responsibility of the individual receiving the payment.

E. In connection with the payment of the Settlement Funds as contemplated herein, the Defendants will issue 1099-MISC to each Plaintiff and a Form 1099-MISC to Plaintiffs' counsel in the next taxable year(s) following payment.

3.    **Stipulation of Dismissal**

Plaintiffs shall file a "Stipulation and Order of Dismissal With Prejudice" (in the form attached hereto as Exhibit A) upon the so-ordering of this Agreement by the Court. Notwithstanding Plaintiffs' filing of the Stipulation of Dismissal, the parties agree that this Court will retain jurisdiction over this matter in the event that either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

4.    **Confession of Judgment**

a.   Upon signing of this Agreement, the S.R.Y. Defendants shall execute a Confession of Judgment in the amount of Twenty Thousand Dollars ($20,000.00) (attached hereto as Exhibit B), less all payments made pursuant to this Agreement plus attorneys' fees and costs, and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 2.

b.   In the event the S.R.Y. Defendants are in default of any of the payments in Paragraph 2 of this Agreement, Plaintiffs shall provide ten (10) business days' written notice to Defendants via email sent to _____, [EMAIL], of the default. If Defendants do not cure the defect within ten (10) business days of receipt of the notice, then all unpaid settlement monies owed under this Agreement shall be immediately due in their entirety.

c.   In the event of such a default and entry of such judgment as described above, the S.R.Y. Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

d.  Upon signing of this Agreement, the JRI Defendants shall execute a Confession of Judgement in the amount of Forty-Thousand Dollars ($40,000) (attached here as Exhibit C), less all payments made pursuant to this Agreement plus attorneys' fees and costs, and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C. shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 2.

e.  In the event the JRI Defendants are in default of any of the payments in Paragraph 2 of this Agreement, Plaintiffs shall provide ten (10) business days' written notice to Defendants via email sent to **jose@kandcpllc.com** and zack.w@kandcpllc.com, of the default. If Defendants do not cure the defect within ten (10) business days of receipt of the notice, then all unpaid settlement monies owed under this Agreement shall be immediately due in their entirety.

f.  In the event of such a default and entry of such judgment as described above, the JRI Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

g.  Should the Confessions of Judgment be entered under this paragraph, Defendants shall be jointly and severally liable for the amount set forth in the Confessions of Judgment.

h.  Upon payment of the entirety of the Settlement Funds outlined in Paragraph 2, Plaintiffs' counsel shall return the Confessions of Judgment to Defendants' counsel or provide written confirmation that the Confessions of Judgment have been destroyed, at the election of Defendants' counsel.

## 5.  Settlement of Claims

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint in the Action (**EDNY Docket No.: 23-CV-7174**) by Plaintiffs against the Defendants, including, but not limited to, claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

## 6.  Non-Admission of Liability

Nothing contained herein, nor the consummation of this Agreement, nor any payments made under this Agreement, may be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, or any of them with respect to any law, tort, breach or any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

Docusign Envelope ID: F6F003C6-D094-4C06-8C86-95F9C8335778

### 7. Representations

The parties understand and agree that they have been advised to consult with an attorney before signing this Agreement.

### 8. Release

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants, any insurers of the Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, members, employees, representatives, trustees and agents, whether as individuals or in their official capacity, and each of their respective successors, assigns and attorneys, of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the Action, specifically including those under the Fair Labor Standards Act and New York Labor Law, and their associated regulations concerning alleged unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had or now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement.

### 9. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in connection with the Action. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 10. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs and Defendants acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs and Defendants further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

### 11. Jurisdiction

The parties respectfully request that this Court, the United States District Court for the Eastern District of New York, retain jurisdiction to enforce the terms of this settlement until

payment of the Settlement Funds outlined in Paragraph 2 is made in its entirety or in the event of a default of this Agreement by either party.

### 12.   Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 13.   Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 14.   Effective Date

This Agreement shall become effective immediately upon the Court's approval and so-ordering of its terms.

### 15.   Counterparts

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement. The parties further agree that facsimile and/or PDF versions of signatures shall be deemed effective as original signatures for purposes of this Agreement.

### 16.   Party Negotiations

The parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms'-length negotiations between the parties, and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Agreement.

### 17.   Binding Effect

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

### 18.   Entire Agreement

This Agreement contains the entire agreement and understanding between the parties with respect to the settlement of the Action, and supersedes and replaces all prior or contemporaneous

agreements, releases, understandings, representations and statements, whether written or oral, and whether by a party or such party's counsel.

**PLAINTIFF:**

_Flor Estrada_
Flor Estrada (Jul 8, 2024 15:00 EDT)
**FLOR ESTRADA CABRERA**

**Date:**_____

**[DEFENDANTS' SIGNATURE TO FOLLOW ON NEXT PAGE]**

12

**DEFENDANTS:**

**S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET**

_Shihadeh Musleh_
1EE704195DE2408

**SHIHADEH MUSLEH, Agent Authorized to sign on behalf of S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET**

Date: 7/15/2024

_Shihadeh Musleh_
1EE704195DE2408

**SHIHADEH MUSLEH, as an individual**

Date: 7/15/2024

_[signature]_
5E5A9DE556D24AA

**RAID AHMAD, as an individual**

Date: 7/15/2024

**JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET**

_____, Agent Authorized to sign on behalf of JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET

Date: _____

**JOSE DIAZ, as an individual**

Date: _____

13

**DEFENDANTS:**

**S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET**

_____
_____, Agent Authorized to sign on behalf of S.R.Y. FOOD CORP d/b/a
**KEY FOOD FRESH SUPERMARKET**

Date:_____


_____
**SHIHADEH MUSLEH, as an individual**

Date:_____


_____
**RAID AHMAD, as an individual**

Date:_____


**JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET**

_____, Agent Authorized to sign on behalf of JRI FOOD CORP. d/b/a
**KEY FOOD FRESH SUPERMARKET**
Date: 7-9-24

_____
JOSE DIAZ, as an individual

Date: 7-9-24

EVELYN DIAZ, as an individual

Date: 07-09-24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FLOR ESTRADA CABRERA, individually and on behalf
of all others similarly situated,

Case No. 23-cv-7174

Plaintiff,

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

-against-

S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH
SUPERMARKET and JRI FOOD CORP. d/b/a KEY
FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH,
RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as
individuals,

Defendants.

-------------------------------------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK            )
                             ) ss.
COUNTY OF NEW YORK           )

RAID AHMAD, being duly sworn, deposes and says:

1.  I am a Defendant in the instant action, and an owner of S.R.Y. FOOD CORP d/b/a
    KEY FOOD FRESH SUPERMARKET ("S.R.Y."). My full legal name is
    ~~RAID MUSLEH AHMAD~~ and I reside at
    ~~121A 67 TH ST BKLYN NY 11219~~                                    .

2.  I hereby authorize judgment to be entered against S.R.Y., and myself, RAID
    AHMAD, in favor of FLOR ESTRADA CABRERA ("Plaintiff").

3.  The confession of judgment is for a debt justly due to the Plaintiff pursuant to the
    terms of a Settlement and Release Agreement (the "Settlement Agreement") entered into by
    Plaintiff and Defendant S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET and ,

On the ___11___ day of ___July___ in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally came RAID AHMAD to me known, who, being by me duly sworn, did depose and sign her name thereto.

_____
NOTARY PUBLIC

ISABEL MOCCIA
Notary Public, State of New York
No. 01M06243772
Qualified In Richmond County
Commission Expires 06/27/2019 2027

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FLOR ESTRADA CABRERA, individually and on behalf                    Case No. 23-cv-7174
of all others similarly situated,

                           Plaintiff,                    **AFFIDAVIT    OF    CONFESSION
                                                                    OF JUDGMENT**

         -against-

S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH
SUPERMARKET and JRI FOOD CORP. d/b/a KEY
FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH,
RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as
individuals,

                         Defendants.
------------------------------------------------------------------------X


## AFFIDAVIT OF CONFESSION OF JUDGMENT


STATE OF NEW YORK        )
                              ) ss.
COUNTY OF NEW YORK     )

SHIHADEH MUSLEH, being duly sworn, deposes and says:

    1.    I am a Defendant in the instant action, and an owner of S.R.Y. FOOD CORP d/b/a
KEY FOOD FRESH SUPERMARKET ("S.R.Y."). My full legal name is
_____ and I reside at
_____.

    2.    I hereby authorize judgment to be entered against S.R.Y., and myself,
SHIHADEH MUSLEH, in favor of FLOR ESTRADA CABRERA ("Plaintiff").

    3.    The confession of judgment is for a debt justly due to the Plaintiff pursuant to the
terms of a Settlement and Release Agreement (the "Settlement Agreement") entered into by
Plaintiff and Defendant S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET and ,
SHIHADEH MUSLEH AND RAID AHMAD, as individuals, (collectively, "S.R.Y.
Defendants") and described below:

        Plaintiff commenced this Litigation pursuant the Fair Labor Standard Act and the New
        York Labor Law, alleging, *inter alia*, that the S.R.Y. Defendants (as Plaintiffs' employer)
        failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

**iv. 4th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iii)**

a. Defendants S.R.Y FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

**v. 5th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iv)**

a. Defendants S.R.Y FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

**vi. 6th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(v)**

                              2) one check payable to Helen F. Dalton & Associates in the
amount                    of Four Hundred and Forty-Nine Dollars and Ninety-Four
Cents                       ($449.47) representing attorneys' fees and expenses.

4.     The Defendants agree that if S.R.Y. fails to timely make any of the Installment Payments and fails to cure that non-payment within ten (10) days of receipt of a Notice to Cure (as defined in the Settlement Agreement), the total sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) plus attorney's fees incurred in the process of entering and enforcing a judgment and interest on the judgement, minus any amounts already paid in accordance with paragraph 3, would become due to Plaintiff immediately.

5.     Under no circumstances may Plaintiff recover more than Twenty Thousand Dollars and Zero Cents ($20,000.00), plus attorneys' fees incurred in the process of entering and enforcing a judgment and interest on the judgment, regardless of whether Plaintiff enforces judgment, minus any amounts already paid in accordance with paragraph 3, against one Defendant, two Defendants, or all Defendants.

6.     I attest to such default under oath on behalf of myself and S.R.Y., I hereby confess judgment and authorize entry of judgment against myself and S.R.Y. I also represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgement against each of S.R.Y. LLC and myself, SHIHADEH MUSLEH, personally, jointly and severally.

7.     This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
SHIHADEH MUSLEH

## ACKNOWLEDGMENT

State of New York    )
                   ) ss:
County of _Richmond_  )

On the _10th_ day of _July_ in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally came SHIHADEH MUSLEH to me known, who, being by me duly sworn, did depose and sign her name thereto.

_____
NOTARY PUBLIC



JESSE EISENBERG
Notary Public, State of New York
No. 02EI6282723
Qualified in Richmond County
Commission Expires May 28, 20 _25_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

FLOR ESTRADA CABRERA, individually and on behalf                    Case No. 23-cv-7174
of all others similarly situated,

                    Plaintiff,                    **AFFIDAVIT OF CONFESSION
        -against-                                                OF JUDGMENT**

S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH
SUPERMARKET and JRI FOOD CORP. d/b/a KEY
FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH,
RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as
individuals,

                    Defendants.

-------------------------------------------------------------------------X


## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK        )
                      ) ss.
COUNTY OF NEW YORK     )

JOSE DIAZ, being duly sworn, deposes and says:

     1.     I am a Defendant in the instant action, and an owner of JRI FOOD CORP. d/b/a
KEY FOOD FRESH SUPERMARKET ("JRI"). My full legal name is
___JUSE DIAZ___ and I reside at
___68 RIDGE RD   SCHEZUGTOWN, NY 11507___.

     2.     I hereby authorize judgment to be entered against JRI, and myself, JOSE DIAZ, in
favor of FLOR ESTRADA CABRERA ("Plaintiff").

     3.     The confession of judgment is for a debt justly due to the Plaintiff pursuant to the
terms of a Settlement and Release Agreement (the "Settlement Agreement") entered into by
Plaintiff and Defendant JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, JOSE
DIAZ, and EVELYN DIAZ, as individuals, (collectively, "JRI Defendants") and described below:

        Plaintiff commenced this Litigation pursuant the Fair Labor Standard Act and the New
        York Labor Law, alleging, *inter alia*, that the JRI Defendants (as Plaintiffs' employer)
        failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular
        work week. JRI Defendant denied and continue to deny that Plaintiff is entitled to any

recovery against JRI Defendants. The Litigation was amicably resolved by the JRI Defendants agreeing to pay a total of Twenty Thousand Dollars and Zero Cents ($20,000) pursuant to the following payment schedule:

**i. 1st Installment: Within thirty (30) days following approval of this Agreement by the Court,**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**ii. 2nd Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(i)**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**ii. 3rd Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(ii)**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

### iv. 4th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iii)

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

### v. 5th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iv)

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

### vi. 6th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(v)

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**vii. 7ᵗʰ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vi)**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**viii. 8ᵗʰ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vii)**

a. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

4.    The Defendants agree that if JRI fails to timely make any of the Installment Payments and fails to cure that non-payment within ten (10) days of receipt of a Notice to Cure (as defined in the Settlement Agreement), the total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) plus attorney's fees incurred in the process of entering and enforcing a judgment and interest on the judgement, minus any amounts already paid in accordance with paragraph 3, would become due to Plaintiff immediately.

5.    Under no circumstances may Plaintiff recover more than Forty Thousand Dollars and Zero Cents ($40,000.00), plus attorneys' fees incurred in the process of entering and enforcing a judgment and interest on the judgment, regardless of whether Plaintiff enforces judgment, minus any amounts already paid in accordance with paragraph 3, against one Defendant, two Defendants, or all Defendants.

6.    I attest to such default under oath on behalf of myself and JRI, I hereby confess judgment and authorize entry of judgment against myself and JRI. I also represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against each of JRI and myself, JOSE DIAZ, personally, jointly and severally.

7.    This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

JOSE DIAZ

## ACKNOWLEDGMENT

State of New York    )
                     ) ss:
County of NASSAU    )

On the 9TH day of JULY _____ in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally came JOSE DIAZ to me known, who, being by me duly sworn, did depose and sign his name thereto.

NOTARY PUBLIC

EDWARD W. HANSEN
Notary Public, State of New York
NO. 01HA6065498
Qualified in Nassau County
Commission Expires 10/22/2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

FLOR ESTRADA CABRERA, individually and on behalf
of all others similarly situated,

                       Plaintiff,

      -against-

S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH
SUPERMARKET and JRI FOOD CORP  d/b/a KEY
FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH,
RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as
individuals,

                       Defendants.

------------------------------------------------------------------------X

Case No. 23-cv-7174

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**


## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK      )
                           ) ss.
COUNTY OF NEW YORK   )

EVELYN DIAZ, being duly sworn, deposes and says:

    1.   I am a Defendant in the instant action, and an owner of JRI FOOD CORP. d/b/a
       KEY FOOD FRESH SUPERMARKET ("JRI"). My full legal name is
       *EVELYN CRUZ-DIAZ* and I reside at
       *84-57 265TH STREET FLORAL PARK NY 11001*

    2.   I hereby authorize judgment to be entered against JRI, and myself, EVELYN DIAZ,
in favor of FLOR ESTRADA CABRERA ("Plaintiff").

    3.   The confession of judgment is for a debt justly due to the Plaintiff pursuant to the
terms of a Settlement and Release Agreement (the "Settlement Agreement") entered into by
Plaintiff and Defendant JRI FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKET, JOSE
DIAZ, and EVELYN DIAZ, as individuals, (collectively, "JRI Defendants") and described below:

    Plaintiff commenced this Litigation pursuant the Fair Labor Standard Act and the New
York Labor Law, alleging, *inter alia*, that the JRI Defendants (as Plaintiffs' employer)
failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular
work week. JRI Defendant denied and continue to deny that Plaintiff is entitled to any

recovery against JRI Defendants. The Litigation was amicably resolved by the JRI Defendants agreeing to pay a total of Twenty Thousand Dollars and Zero Cents ($20,000) pursuant to the following payment schedule:

**i. 1st Installment: <u>Within thirty (30) days following approval of this Agreement by the Court</u>,**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**ii. 2nd Installment: <u>Within thirty (30) days of the payment date in Paragraph (2)(A)(i)</u>**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**ii. 3rd Installment: <u>Within thirty (30) days of the payment date in Paragraph (2)(A)(ii)</u>**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**iv. 4th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iii)**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**v. 5th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iv)**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

**vi. 6th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(v)**

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

### vii. 7th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vi)

b. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

> 2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Four Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

### viii. 8th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vii)

a. Defendants JRI FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET, JOSE DIAZ, and EVELYN DIAZ (hereinafter referred to as the "JRI Defendants") shall issue payment of Two Thousand Five Hundred Dollars ($2,500) to Plaintiff's counsel as follows:

> 1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred and One Thousand Six Hundred and One Dollars and Six Cents ($1,601.06). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Eight Hundred and Ninety-Eight Dollars and Ninety-Four Cents ($898.94) representing attorneys' fees and expenses.

4.    The Defendants agree that if JRI fails to timely make any of the Installment Payments and fails to cure that non-payment within ten (10) days of receipt of a Notice to Cure (as defined in the Settlement Agreement), the total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) plus attorney's fees incurred in the process of entering and enforcing a judgment and interest on the judgement, minus any amounts already paid in accordance with paragraph 3, would become due to Plaintiff immediately.

5.    Under no circumstances may Plaintiff recover more than Forty Thousand Dollars and Zero Cents ($40,000.00), plus attorneys' fees incurred in the process of entering and enforcing a judgment and interest on the judgment, regardless of whether Plaintiff enforces judgment, minus any amounts already paid in accordance with paragraph 3, against one Defendant, two Defendants, or all Defendants.

6.    I attest to such default under oath on behalf of myself and JRI, I hereby confess judgment and authorize entry of judgment against myself and JRI. I also represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgement against each of JRI and myself, EVELYN DIAZ, personally, jointly and severally.

7.    This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

EVELYN DIAZ

## ACKNOWLEDGMENT

State of New York    )
                     ) ss:
County of NASSAU     )

On the 9th day of JULY _____ in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally came EVELYN DIAZ to me known, who, being by me duly sworn, did depose and sign her name thereto.

NOTARY PUBLIC

EDWARD W. HANSEN
Notary Public, State of New York
NO. 01HA6065498
Qualified in Nassau County
Commission Expires 10/22/2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FLOR ESTRADA CABRERA, individually and on behalf
of all others similarly situated,

                           Plaintiff,

              -against-

S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH
SUPERMARKET and JRI FOOD CORP. d/b/a KEY
FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH,
RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as
individuals,

                           Defendants.

-------------------------------------------------------------------X

Case No. 23-cv-7174

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK       )
                         ) ss.
COUNTY OF NEW YORK   )

RAID AHMAD, being duly sworn, deposes and says:

1. I am a Defendant in the instant action, and an owner of S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET ("S.R.Y."). My full legal name is RAID MUSLEH AHMAD and I reside at 121A 67TH ST BKLYN NY 11219.

2. I hereby authorize judgment to be entered against S.R.Y., and myself, RAID AHMAD, in favor of FLOR ESTRADA CABRERA ("Plaintiff").

3. The confession of judgment is for a debt justly due to the Plaintiff pursuant to the terms of a Settlement and Release Agreement (the "Settlement Agreement") entered into by Plaintiff and Defendant S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET and ,

referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

be

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

amount
Cents

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

4.    The Defendants agree that if S.R.Y. fails to timely make any of the Installment Payments and fails to cure that non-payment within ten (10) days of receipt of a Notice to Cure (as defined in the Settlement Agreement), the total sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) plus attorney's fees incurred in the process of entering and enforcing a judgment and interest on the judgement, minus any amounts already paid in accordance with paragraph 3, would become due to Plaintiff immediately.

5.    Under no circumstances may Plaintiff recover more than Twenty Thousand Dollars and Zero Cents ($20,000.00), plus attorneys' fees incurred in the process of entering and enforcing a judgment and interest on the judgment, regardless of whether Plaintiff enforces judgment, minus any amounts already paid in accordance with paragraph 3, against one Defendant, two Defendants, or all Defendants.

6.    I attest to such default under oath on behalf of myself and S.R.Y., I hereby confess judgment and authorize entry of judgment against myself and S.R.Y. I also represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgement against each of S.R.Y. LLC and myself, SHIHADEH MUSLEH, personally, jointly and severally.

7.    This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

RAID AHMAD

ACKNOWLEDGMENT

State of New York    )
                     ) ss:
County of Richmond   )

On the __11__ day of ____July____ in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally came RAID AHMAD to me known, who, being by me duly sworn, did depose and sign her name thereto.

_Isabel Moccia_

NOTARY PUBLIC

ISABEL MOCCIA
Notary Public, State of New York
No. 01M06243772
Qualified in Richmond County
Commission Expires 06/27/2018  *2027*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FLOR ESTRADA CABRERA, individually and on behalf          Case No. 23-cv-7174
of all others similarly situated,

                              Plaintiff,          **AFFIDAVIT OF CONFESSION
OF JUDGMENT**

            -against-

S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH
SUPERMARKET and JRI FOOD CORP. d/b/a KEY
FOOD FRESH SUPERMARKET, SHIHADEH MUSLEH,
RAID AHMAD, JOSE DIAZ, and EVELYN DIAZ, as
individuals,

                           Defendants.
-------------------------------------------------------------------X

### AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK          )
                              ) ss.
COUNTY OF NEW YORK      )

SHIHADEH MUSLEH, being duly sworn, deposes and says:

       1.    I am a Defendant in the instant action, and an owner of S.R.Y. FOOD CORP d/b/a
KEY FOOD FRESH SUPERMARKET ("S.R.Y."). My full legal name is
_____ and I reside at
_____.

       2.    I hereby authorize judgment to be entered against S.R.Y., and myself,
SHIHADEH MUSLEH, in favor of FLOR ESTRADA CABRERA ("Plaintiff").

       3.    The confession of judgment is for a debt justly due to the Plaintiff pursuant to the
terms of a Settlement and Release Agreement (the "Settlement Agreement") entered into by
Plaintiff and Defendant S.R.Y. FOOD CORP d/b/a KEY FOOD FRESH SUPERMARKET and ,
SHIHADEH MUSLEH AND RAID AHMAD, as individuals, (collectively, "S.R.Y.
Defendants") and described below:

          Plaintiff commenced this Litigation pursuant the Fair Labor Standard Act and the New
          York Labor Law, alleging, *inter alia*, that the S.R.Y. Defendants (as Plaintiffs' employer)
          failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular

work week. S.R.Y. Defendant denied and continue to deny that Plaintiff is entitled to any recovery against S.R.Y. Defendants. The Litigation was amicably resolved by the S.R.Y. Defendants agreeing to pay a total of Ten Thousand Dollars and Zero Cents ($10,000) pursuant to the following payment schedule:

**i. 1ˢᵗ Installment: Within thirty (30) days following approval of this Agreement by the Court,**

a. Defendants S.R.Y FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

**ii. 2ⁿᵈ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(i)**

a. Defendants S.R.Y FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

**ii. 3ʳᵈ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(ii)**

a. Defendants S.R.Y FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

be

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

amount
Cents

2) one check payable to Helen F. Dalton & Associates in the of Four Hundred and Forty-Nine Dollars and Ninety-Four ($449.47) representing attorneys' fees and expenses.

**iv. 4th Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iii)**

a. Defendants S.R.Y FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

be

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

amount
Cents

2) one check payable to Helen F. Dalton & Associates in the of Four Hundred and Forty-Nine Dollars and Ninety-Four ($449.47) representing attorneys' fees and expenses.

**v. 5ᵗʰ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(iv)**

a. Defendants S.R.Y FOOD CORP. d/b/a KEY FOOD FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

be

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

amount
Cents

2) one check payable to Helen F. Dalton & Associates in the of Four Hundred and Forty-Nine Dollars and Ninety-Four ($449.47) representing attorneys' fees and expenses.

**vi. 6ᵗʰ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(v)**

a.   Defendants   S.R.Y   FOOD   CORP.   d/b/a   KEY   FOOD   FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

**vii. 7ᵗʰ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vi)**

a.   Defendants   S.R.Y   FOOD   CORP.   d/b/a   KEY   FOOD   FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

2) one check payable to Helen F. Dalton & Associates in the amount of Four Hundred and Forty-Nine Dollars and Ninety-Four Cents ($449.47) representing attorneys' fees and expenses.

**viii. 8ᵗʰ Installment: Within thirty (30) days of the payment date in Paragraph (2)(A)(vii)**

a.   Defendants   S.R.Y   FOOD   CORP.   d/b/a   KEY   FOOD   FRESH SUPERMARKERT, SHIHADEH MUSLEH and RAID AHMAD (hereinafter referred to as the "S.R.Y. Defendants") shall issue payment of One Thousand Two Hundred and Fifty Dollars ($1,250.00) to Plaintiff's counsel as follows:

1) one check payable to Plaintiff FLOR ESTRADA CABRERA in the amount of Eight Hundred Dollars and Fifty-Three Cents ($800.53). Payments to Plaintiffs pursuant to this paragraph shall be treated as alleged liquidated damages and statutory penalties and reported on a Form 1099.

amount      2) one check payable to Helen F. Dalton & Associates in the
Cents            of Four Hundred and Forty-Nine Dollars and Ninety-Four
($449.47) representing attorneys' fees and expenses.

4.     The Defendants agree that if S.R.Y. fails to timely make any of the Installment Payments and fails to cure that non-payment within ten (10) days of receipt of a Notice to Cure (as defined in the Settlement Agreement), the total sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) plus attorney's fees incurred in the process of entering and enforcing a judgment and interest on the judgement, minus any amounts already paid in accordance with paragraph 3, would become due to Plaintiff immediately.

5.     Under no circumstances may Plaintiff recover more than Twenty Thousand Dollars and Zero Cents ($20,000.00), plus attorneys' fees incurred in the process of entering and enforcing a judgment and interest on the judgment, regardless of whether Plaintiff enforces judgment, minus any amounts already paid in accordance with paragraph 3, against one Defendant, two Defendants, or all Defendants.

6.     I attest to such default under oath on behalf of myself and S.R.Y., I hereby confess judgment and authorize entry of judgment against myself and S.R.Y. I also represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgement against each of S.R.Y. LLC and myself, SHIHADEH MUSLEH, personally, jointly and severally.

7.     This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
SHIHADEH MUSLEH

## ACKNOWLEDGMENT

State of New York     )
                  ) ss:
County of Richmond    )

On the 10th day of July _____ in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally came SHIHADEH MUSLEH to me known, who, being by me duly sworn, did depose and sign her name thereto.

_____
NOTARY PUBLIC



JESSE EISENBERG
Notary Public, State of New York
No. 02EI6282723
Qualified in Richmond County
Commission Expires May 28, 20__